### RIDER, ADMINISTRATOR, V. C., H. & D. R. R. Co.

SUFFICIENCY OF PLEADING IN AN ACTION FOR DAMAGES FOR INJURY BY RAILROAD.

Action for damages for injury by railroad—Averments that injury was committed by servants of defendant, negligently, wantonly, willfully and unlawfully, sufficient as against general demurrer.

SCRIBNER, J. (orally).

This cause came to this court on error from the court of common pleas of Wood county.

The plaintiff, as administrator of the estate of Archibald D. Rider, filed his petition against the defendant railroad company, alleging that the deceased had been killed by the carelessness and negligence of the railroad company. The defendant filed a general demurrer to the petition, which, upon argument before the court of common pleas, was sustained, and the plaintiff not desiring to plead further, the petition was thereupon dismissed, and judgment rendered against the plaintiff for costs of the action. Thereupon the plaintiff, as plaintiff in error, filed his petition in error in this court to reverse the judgment of the court of common pleas in sustaining the general demurrer to his petition and in dismissing his petition, alleging that the action of the court of common pleas was error.

The petition in error so filed brings before us the question as to whether or not the allegations and statements in the petition, so far as they are plead and which are admitted to be true by the demurrant, show sufficient facts to constitute a cause of action against the railroad company. After stating certain preliminary matters, the plaintiff in his petition below proceeds to aver that at the time of the committing by the defendant, the Cincinnati, Hamilton and Dayton Railroad company, of the grievances herein complained of, it was, and it ever

since has been and is a corporation organized under the laws of Ohio, and engaged in operating a certain railroad in Wood county, Ohio, extending in a southwesterly and northeasterly direction through said county, and through the incorporated village of Tontogony therein, and crossing certain lands, to-wit: a farm of eighty acres owned by said parents of said Archibald D. Rider, deceased, lying about one-half mile southwesterly from said village; and said railroad intersected and crossed certain highways lying and extending along the north, south, and west sides of said lands. That upon said lands was a private crossing over said railroad from the lands on the east thereof to the lands on the west thereof, which the owners of said lands and farm had a right to have and maintain, and had maintained and used, with the knowledge and acquiescence of said railroad company, continuously for many years prior to the 4th day of September, 1893. That on said 4th day of September, 1893, said Archibald D. Rider, then in full life (now deceased), while lawfully and rightfully walking upon the track of said railroad in a northeasterly direction at or near to said farm crossing, and while about (70) rods south of the crossing and intersection of said highway that extends along the north side of said lands with said railroad, and about ninety-five rods north of the crossing of said railroad and the highway extending along the west and south sides of said lands, and while going from one part of said farm to another part thereof in the performance of his lawful duties in the service of his said parents, and without any negligence or fault on his part, was struck by a locomotive which said defendant by its agents and servants then and there negligently, wantonly, willfully, and unlawfully caused to be propelled and run swiftly and noiselessly on, over and along said railroad in a northeasterly direction, and against and upon said Archibald D. Rider, whereby he was, then and there and thereby, instantly killed.

The said agents and servants of said defendant then and there operating said locomotive, negligently, wantonly, willfully and unlawfully failed and omitted to give any warning by ringing a bell or blowing a whistle, or otherwise, at any of said crossings of said highways and said railroad, or at said private crossing of said railroad, or elsewhere, of the approach of said locomotive, whereby said Archibald D. Rider, without any negligence or fault on his part, and without being apprised or warned of the approach of said locomotive, and being unaware of the approach thereof, was thereby struck and killed as aforesaid.

That said place at which said decedent was walking as aforesaid upon said railroad track when he was so struck and killed, was, and for many years prior to said date had been lawfully used by himself and by the public as a footpath and thoroughfare, all of which was well known to and acquiesced in by the defendant.

Now, on looking closely to these averments, it will be seen that the place at which the deceased was killed was upon the farm of his father; that the deceased was a member of his father's family; that the railroad intersected and crossed certain public highways and extended along the north, the south and west sides of said lands; that upon the lands was a private crossing over said railroad from the lands on the east thereof to the lands on the west which the owner of the said lands and farm had a right to have and maintain, and had maintained and used with the knowledge and acquiesence of the railroad company continuously for many years prior to the 4th day of September, 1893. That on the 4th day of September, 1893, said Archibald D. Rider, then in full life (now deceased), while lawfully and rightfully walking upon the track of said railroad in a northeasterly direction at or near to said farm crossing, and while about seventy rods south of the crossing and intersection of said highway that extends along the north side of said lands with said railroad, and about ninety-five rods north of the crossing of said railroad and the highways extending along the west and south sides of said lands, and while going from one part of said farm to another part thereof, in the performance of

his lawful duties in the service of his said parents, and without any negligence or fault on his part, was struck by a locomotive which said defendant by its agents and servants then and there negligently, wantonly, willfully and unlawfully caused to be propelled and run swiftly and noiselessly on, over and along said railroad in a northeasterly direction, and against and upon said Archibald D. Rider, whereby he was, then and there and thereby, instantly killed.

That said agents and servants of said defendant then and there operating said locomotive negligently, wantonly, willfully and unlawfully failed and omitted to give any warning by ringing a bell or blowing a whistle or otherwise at any of said crossings of said highways and said railroad, or elsewhere, of the approach of said locomotive, whereby said Archibald D. Rider, without any negligence or fault on his part, and without being apprised or warned of the appoach of said locomotive, and being unaware of the approach thereof, was thereby struck and killed as aforesaid. That the said place at which said decedent was walking as aforesaid upon said railroad track when he was so struck and killed, was, and for many years prior to said date had been lawfully used by himself and by the public as a footpath and thoroughfare, all of which was well known to and acquiesced in by the defendant. These averments relate to the *locus in quo*, to the situation of the place where the deceased was walking, and to the right that he had to be there; of course subject to the right of the railroad company to operate in a reasonably careful manner its line of railway through the farm of the father. Then it appears that at that time, according to the averments of the petition, the railway company, or the agents of the railroad company in charge of the engine at the time of this accident, omitted to give any warning by ringing the bell or blowing the whistle, or otherwise, at any of said crossings and said highway. Now, it appears there were highways at the south side of the farm, on the south of it and on the west of it, and according to the averments of this petition, no whistle was blown or any bell rung at any of the public crossings over which this line of railway passed in reaching the farm.

Then there is the averment that while the deceased was lawfully in the place where he was walking, where he had a right to be on the occasion set forth in the petition, in the performance of his lawful duties, in the service of his parents, without any knowledge or fault on his part, he was struck by the locomotive of the defendant, and instantly killed.

Now, it is alleged that this was negligently done; that it was wantonly done; willfully done, and unlawfully done. In the argument, counsel for plaintiff in error stated that he did not mean by this averment to charge that the engineer of the railroad company willfully and unlawfully run his locomotive upon the deceased, but the language used in this petition seems to require that construction.

Then there is the averment that in omitting to whistle and ring the bell, the parties in charge of the locomotive acted negligently, wantonly and unlawfully.

While it may be said that some of these averments are averments of mere conclusions of law, still it appears to us that they are averments of matters of fact.

It appears to us that the court of common pleas erred in sustaining a demurrer to the petition. It seems to us that there is enough stated in the petition to entitle the plaintiff to a trial by jury as to whether or not the matters stated in the petition are true. We think, therefore, that the judgment of the court of common pleas must be reversed, the demurrer to the petition overruled, and the case remanded to the common pleas court for further proceedings, and it is ordered accordingly.

*Parker & Fries*, for Plaintiff in Error.

*R. D. Marshall* and *F. A. Baldwin*, for Defendant in Error.